1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2     Including Professional Corporations
  JAMES M. CHADWICK, Cal. Bar No. 157114
3  TENAYA M. RODEWALD, Cal. Bar No. 248563
  379 Lytton Avenue
4  Palo Alto, California 94301-1479
  Telephone:   650.815.2600
5  Facsimile:   650.815.2601
  Email:      jchadwick@sheppardmullin.com
6             trodewald@sheppardmullin.com

7  Attorneys for Non-Parties, ELECTRONIC
  FRONTIER FOUNDATION and PETER
8  ECKERSLEY

9                   UNITED STATES DISTRICT COURT

10     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12
  BETSY FEIST,

13           Plaintiff,

14       v.

15   RCN CORP. and PAXFIRE, INC.,

16         Defendants.

17

18

19

20

21

| | |
|---|---|
| BETSY FEIST, | Case No. 12-mc-80135-SI (NC) |
| Plaintiff, | Related cases:<br>12-cv-80119 SI (NC)<br>12-cv-80121 SI (NC)<br>12-cv-80140 SI (NC) |
| v. | |
| RCN CORP. and PAXFIRE, INC., | **MOTION FOR *DE NOVO* DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE** |
| Defendants. | [Civil LR 72-3(a)] |
| | Date:    October 19, 2012<br>Time:   9:00 a.m.<br>Crtrm.:  10 |
| | The Hon.  Susan Illston |

22

23

24

25

26

27

28

                      MOTION FOR *DE NOVO* DETERMINATION OF
                              DISPOSITIVE MATTER REFERRED TO MAGISTRATE

# TABLE OF CONTENTS

**Page**

I.   THE COURT MUST REVIEW THE MAGISTRATE JUDGE'S ORDER *DE NOVO* ....... 2

    A.   EFF's Motion to Quash Is Dispositive and Must Be Determined *De Novo* ............. 2

    B.   Even If EFF's Motion Was Not Dispositive, It Would Have to Be Determined *De Novo* ..................................................................................................... 3

II.  OBJECTIONS TO THE ORDER ..................................................................... 4

    A.   The Magistrate Judge Failed to Address Whether EFF's First Amendment Rights Bar Enforcement of the Subpoenas, Which They Do, So the Decision Was Clearly Erroneous and Contrary to Law ............................................... 4

    B.   The Magistrate Judge Failed to Address Whether the California Press Shield Law and First Amendment Protect Documents Ordered Produced ........................ 6

    C.   The Magistrate Judge Failed to Address Whether Protected Documents in Category 7 Must Be Produced ................................................................. 7

    D.   The Magistrate Judge Failed to Address Protection of Documents Under Rule 26(b)(4)(D), which Precludes Discovery from Non-Retained Experts .................... 7

    E.   The Magistrate Judge Erred in Holding that Work Product Protection Only Applies After a Client Formally Retains Counsel ............................................. 8

        1.   The Decision Is Not Supported by the Language of the Federal Rules, Nor Is It Compelled by Any Controlling Authority. ...................................... 8

        2.   The Order Is Contrary to Public Policy and Would Unconstitutionally Hamper Civil Rights, Consumer, Environmental and Other Advocacy Organizations ................................................................................. 10

    F.   The Magistrate Judge Erred by Failing to Extend Confidential Research Protection to Category 4 and 7 Documents .............................................. 12

    G.   The Magistrate Judge Erred by Failing to Sufficiently Address the Consequences of the Dismissal of Paxfire's Counterclaims ................................... 12

    H.   If Permitted to Stand, the Magistrate Judge's Order Would Have a Profound Negative Impact on EFF and Many Other Advocacy Organizations ...................... 13

    I.   The Magistrate Judge Erred in Apparently Concluding that Paxfire Documented the Relevance of Its Requests and Not Addressing the Undue Burden They Impose on EFF ............................................................................................. 14

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

**TABLE OF CONTENTS**
(continued)

<u>**Page**</u>

III.    RESOLUTION OF THE MOTION TO QUASH SHOULD BE STAYED.........................14

IV.    CONCLUSION. ............................................................................................................15

SMRH:406618193.3

# TABLE OF AUTHORITIES

CASES                                                                                            Page(s)

*Adolph Coors Co. v. Wallace*
  570 F.Supp. 202 (N.D. Cal. 1983) ...................................................................... 4, 6

*Ager v. Jane C. Stormont Hospital and Training School for Nurses*
  622 F.2d 496 (10th Cir. 1980) ............................................................................ 8

*Bartlett v. Bowen*
  816 F.2d 695 (D.C. Cir. 1987) ............................................................................ 5

*DeFazio v. Wallis*
  459 F.Supp.2d 159 (E.D.N.Y. 2006) ................................................................... 6

*Feist v. RCN Corporation and Paxfire, Inc.*
  No. 11-cv-5436, Dkt. 69 (S.D.N.Y. Aug. 8, 2012) ..................................... 1, 2, 14

*Feist v. RCN Corporation and Paxfire, Inc.*
  No. 11-cv-5436, Dkt. 70 (S.D.N.Y. Aug. 16, 2012) ...................................... 2, 14

*Grandbouche v. Clancy*
  825 F.2d 146 (10th Cir. 1987) ......................................................................... 5, 6

*Hickman v. Taylor*
  329 U.S. 495 (1974) ......................................................................................... 10

*Ludwig v. Pilkington North America, Inc.*
  No. 03 C 1086, 2003 WL 22242224 (N.D. Ill. Sept. 29 2003) ........................... 8

*Mattenson v. Baxter Healthcare Corp.*
  438 F.3d 763 (7th Cir. 2006) ............................................................................. 9

*Estate of Merchant v. CIR*
  947 F.2d 1390 (9th Cir.1991) ............................................................................ 3

*N.L.R.B. v. Cable Car Advertisers, Inc.*
  319 F.Supp.2d 991 (N.D. Cal. 2004) .................................................................. 3

*N.L.R.B. v. Frazier*
  966 F.2d 812 (3rd. Cir. 1992) ............................................................................ 3

*NAACP v. Button*
  371 U.S. 415 (1963) ......................................................................................... 11

*Perry v. Schwarzenegger*
  268 F.R.D. 344 (N.D. Cal. 2010) ....................................................................... 3

-iii-

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Perry v. Schwarzenegger*
  591 F.3d 1147 (9th Cir. 2010) ......................................................................... 5, 6

*Perry v. Schwarzenegger*
  No. 09-17241, Dkt. 24 (9th Cir. Nov. 27, 2009), at 4 ........................................ 13

*PowerShare, Inc. v. Syntel, Inc.*
  597 F.3d 10 (1st Cir. 2010) ................................................................................. 4

*In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*
  No. MISC 08–347, 2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010) ......................... 3

*U.S. Inspection Services, Inc. v. NL Engineered Solutions, LLC*
  268 F.R.D. 614 (N.D. Cal. 2010) ........................................................................ 8

*United States v. McConney*
  728 F.2d 1195 (9th Cir.1984) .............................................................................. 3

*USM Corp. v. American Aerosols, Inc.*
  631 F.2d 420 (6th Cir. 1980) ............................................................................... 7

*Zwickler v. Koota*
  389 U.S. 241 (1967) ............................................................................................ 5


RULES AND STATUTES

28 U.S.C.
  § 631(b)(1)(A) ..................................................................................................... 3
  § 636(b)(1)(B) ..................................................................................................... 3
  § 636(b)(1)(C) ..................................................................................................... 3

Federal Rules of Civil Procedure
  Rule 26(b)(3) ...................................................................................... 8, 10, 11, 12
  Rule 26(b)(3)(A) ................................................................................................. 9
  Rule 26(b)(4)(B) ................................................................................................. 7
  Rule 26(b)(4)(D) ........................................................................................ 4, 7, 8
  Rule 45 ................................................................................................................ 5
  Rule 45(c)(1) ..................................................................................................... 14
  Rule 45(c)(3)(A) .............................................................................................. 5, 6
  Rule 45(c)(3)(A)(IV) ........................................................................................ 14
  Rule 45(c)(3)(B) ................................................................................................ 12
  Rule 72(a) ............................................................................................................ 3

-iv-

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

# TABLE OF AUTHORITIES
(continued)

Page(s)

Rule 72(b)...................................................................................................... 3
Rule 72(b)................................................................................................... 3, 4
Rule 72(b)(3) ................................................................................................. 3

Northern District Local Civil Rule 72-3 ........................................................ 3

**OTHER AUTHORITIES**

8 Wright & Miller, Federal Practice and Procedure § 2024 (3d ed.) ....................................... 9, 10

Fed.R.Civ.P. 26 Advisory Committee Note to 2010 Revisions ..................................................... 7

Fed.R.Civ.P. 26 Advisory Committee Note to 1970 Amendment ......................................... 7, 8, 9

*Race, Class, and Legal Ethics in the Early NAACP (1910-1920)*, Susan D. Carle, 20 Law & Hist. Rev. 97, 100-01 (2002) ................................................................................... 11

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 19, 2012, at 9:00 a.m. in Courtroom 10, 19th Floor of this Court located at 450 Golden Gate Ave., San Francisco, CA, 94102, non-parties the Electronic Frontier Foundation and Peter Eckersley (collectively "EFF") will and hereby do object to Magistrate Judge Cousins' Order Granting in Part and Denying in Part Motions to Quash (No. 12-mc-80135-SI, Dkt. 30) and move for a *de novo* determination of their Motion to Quash Subpoenas Issued by Defendant Paxfire, Inc. and Request for Protective Order. (No. 12-mc-80135-SI, Dkt. 1.) If not quashed in their entirety, the subpoenas at issue will violate EFF's First Amendment rights of freedom of association, speech, and the press, the California Constitution and California statutory protections for the press, the Federal Rules of Civil Procedure, and the attorney-client privilege and work product protections of EFF and others. Magistrate Judge Cousins' Order fails to address most of these protections, including the applicable First Amendment privileges, and is therefore clearly erroneous and contrary to law.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Electronic Frontier Foundation and Peter Eckersley (collectively "EFF") are nonparties in a federal customer class-action lawsuit in the Southern District of New York. The lawsuit alleges that defendant Paxfire, Inc. ("Paxfire" or "Defendant") and some defendant ISPs, wrongfully diverted certain of the ISP customers' internet searches away from Google, Yahoo! and Bing to Paxfire's own computers, and sometimes replaced the search results customers were supposed to receive with the webpages of Paxfire's paying customers. (*See* Request for Judicial Notice ("RFJN"), No. 12-mc-80135-SI, Dkt. 8, Ex. A (Complaint, *Feist v. RCN Corporation and Paxfire*, Inc., No. 11-cv-5436, Dkt. 1 (S.D.N.Y. Aug. 4, 2011)).) Through this Court, Paxfire issued document and deposition subpoenas to EFF, which EFF moved to quash in their entirety. (Motion to Quash Subpoenas Issued by Defendant Paxfire, Inc. and Request for Protective Order, No. 12-mc-80135-SI, Dkt. 1 ("Motion").) EFF's Motion was consolidated with motions to quash by plaintiff Betsy Feist ("Plaintiff") and two other nonparties to whom Paxfire had issued subpoenas, and referred to Magistrate Judge Cousins. (Order Relating Cases, No. 12-mc-80135-SI, Dkt. 23) The Magistrate Judge granted in part and denied in part EFF's and the other nonparties' motions to

-1-

1  quash.  (Order Granting in Part and Denying in Part Motions to Quash, No. 12-mc-80135-SI, Dkt.

2  30 ("Order").)

3        EFF objects to the Order.  The Order inexplicably fails to address EFF's primary claim that

4  the subpoenas issued to them must be quashed because they violate EFF's First Amendment rights

5  of association, speech, petitioning and press.  The Order also fails to address several other grounds

6  for quashing the subpoenas in whole or in part, and overlooks one category of documents entirely.

7  Proper consideration and application of the constitutional, statutory, and procedural protections

8  asserted requires that the subpoenas be quashed in their entirety.

9        However, this Court may not need to address all of these concerns, and EFF submits that a

10  temporary stay may help clarify and simplify matters. The New York court is currently considering

11  a motion to dismiss defendant Paxfire's counterclaims in the underlying lawsuit.  (*See* Notice of

12  Oral Argument, *Feist v. RCN Corporation and Paxfire, Inc.*, No. 11-cv-5436, Dkt. 69 (S.D.N.Y.

13  Aug. 8, 2012); Adjornment of Hearing to September 18, 2012, *Feist v. RCN Corporation and

14  Paxfire, Inc.*, No. 11-cv-5436, Dkt. 70 (S.D.N.Y. Aug. 16, 2012); Reply Memorandum in Further

15  Support of Betsy Feist's Motion to Quash Subpoenas to Consultants, No. 12-mc-80121, Dkt. 20

16  (N.D. Cal.), at 1, n.1.; RFJN, Ex. D.)  Since Paxfire's primary justification for its subpoenas lies in

17  its counterclaims—*i.e.*, that EFF somehow unlawfully instigated the litigation against it by

18  informing Plaintiffs' counsel about Paxfire's behavior—dismissal of the counterclaim may narrow

19  or eliminate Paxfire's asserted basis for its discovery.

20        The Magistrate declined to hold a hearing before issuing the Order.  However, the motion to

21  quash raises issues of profound importance to EFF and Mr. Eckersley, in this case and beyond.

22  Accordingly, EFF requests that the Court conduct a hearing so that it can ensure that a final

23  determination of its motion considers its most central concerns, including the violation of its

24  constitutional rights by compelled disclosure of materials ordered to be produced.

25  **I.**      **THE COURT MUST REVIEW THE MAGISTRATE JUDGE'S ORDER *DE NOVO***

26  **A.**      **EFF's Motion to Quash Is Dispositive and Must Be Determined *De Novo***

27        Nonparties EFF and Peter Eckersley were subpoenaed through this Court in connection with

28  a lawsuit in the Southern District of New York.  "[M]otions to quash a subpoena brought in a

-2-

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

proceeding before a court other than the one determining the action are typically treated as dispositive matters under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)." *In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, No. MISC 08–347, 2010 WL 2219343, *1 (E.D.N.Y. Feb. 5, 2010) (collecting cases). "[A] petition to quash is analogous to a dispositive motion to dismiss because it is not ancillary to a larger proceeding but is the entire proceeding itself." *N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F.Supp.2d 991, 995-6 (N.D. Cal. 2004) (holding motion to quash investigative subpoena was dispositive). A decision on a motion to quash or enforce a subpoena "determines with finality the duties of the parties" and "seals with finality the district court proceeding and is subject to appellate review." *N.L.R.B. v. Frazier*, 966 F.2d 812, 817-18 (3rd. Cir. 1992) (magistrate's decision on motion to enforce administrative subpoena is dispositive and must be reviewed *de novo*).

EFF's Motion is a special proceeding that is not ancillary to any other proceeding in this Court. *Frazier*, 966 F.2d at 818. Neither EFF nor Mr. Eckersley are parties to the New York action. Therefore, the Court's decision on EFF's Motion to Quash is dispositive because "[w]hen this motion is decided, the case will effectively be over." *Cable Car Advertisers,* 319 F.Supp.2d at 995-6. *Accord*, *Frazier*, 966 F.2d at 818.

Because, EFF's Motion is dispositive the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." 28 U.S.C. § 631(b)(1)(C); FRCP 72(b)(3). In addition, the procedures set forth in Local Civil Rule 72-3, Rule 72(b) and 28 U.S.C. § 636(b)(1)(C) apply.

**B.      Even If EFF's Motion Was Not Dispositive, It Would Have to Be Determined *De Novo***

A magistrate judge's non-dispositive order may be modified or set aside if it is "clearly erroneous or contrary to law." FRCP 72(a); 28 U.S.C. § 631(b)(1)(A). While a magistrate judge's factual determinations are reviewed for clear error, "[t]he magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344 (N.D. Cal. 2010) (citing *United States v. McConney*, 728 F.2d 1195, 1200-1201 (9th Cir.1984) (overruled on other grounds by *Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir.1991))). "[F]or questions of law, there is no practical difference between review under Rule

-3-

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

1   72(a)'s 'contrary to law' standard and review under Rule 72(b)'s *de novo* standard." *PowerShare,*

2   *Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

3          Moreover, the Constitution requires that "personal rights and liberties originating from the

4   Constitution are provided an Article III adjudication." *Adolph Coors Co. v. Wallace*, 570 F.Supp.

5   202, 206 (N.D. Cal. 1983).  "A magistrate's determination of the plaintiffs' right to civil discovery,

6   notwithstanding a defendant's claim to various First Amendment rights, necessarily involves an

7   adjudication of those Constitutional, rather than legislative, rights." *Id.*  Therefore, "[t]o discharge

8   [its] responsibility as an Article III court under these circumstances, it is necessary that [the Court]"

9   apply *de novo* review.  *Id.*

10          The Magistrate Judge failed to address most of EFF's arguments, including the dispositive

11   First Amendment protections, assertion of California and First Amendment press privileges,

12   assertion of Rule 26(b)(4)(D) protection for documents, and claims of privilege for Category 7

13   documents.  The Magistrate Judge also erred in holding that work product protection only applies

14   after a client formally retains counsel.  EFF has objected, and these questions of law now must be

15   determined *de novo*.[1]

16   **II.       OBJECTIONS TO THE ORDER**

17   **A.       The Magistrate Judge Failed to Address Whether EFF's First Amendment Rights Bar
             Enforcement of the Subpoenas, Which They Do, So the Decision Was Clearly
18           Erroneous and Contrary to Law**

19          The primary basis for EFF's Motion is that Paxfire's subpoenas violate its First Amendment

20   rights to associate, speak, advocate and publish, and therefore must be quashed in their entirety.[2]

21   (*See* Motion at 1-15; Reply in Support of Non-Parties Electronic Frontier Foundation and Peter

22   Eckersley to Quash Subpoenas Issued by Defendant Paxfire, Inc. and Request for Protective Order

23   ("Reply"), No. 12-mc-80135-SI, Dkt. 26, at 1-4.)  Moreover, EFF provided evidence more than

24   sufficient to support a *prima facie* showing that Paxfire's subpoenas will infringe their First

25   ─────────────────
   [1]  In addition, as a practical matter, EFF's First Amendment grounds for quashing the subpoenas must
26   be determined *de novo*, because the Magistrate Judge made no decision for this Court to review.

27   [2]  Indeed, EFF's Motion refers to the First Amendment 67 times, and EFF's Reply mentions the
     First Amendment 49 times.  (*See* Motion, Dkt. 1, Reply, Dkt. 26.)  The Magistrate Judge's Order
28   does not even mention the First Amendment.  (*See* Order, Dkt. 30.)

-4-

MOTION FOR *DE NOVO* DETERMINATION OF
                                                          DISPOSITIVE MATTER REFERRED TO MAGISTRATE

1   Amendment rights.  (*See* Motion at 10-14; Declaration of Cindy Cohn, Dkt. 3; Declaration of

2   Arvind Narayanan, Dkt. 2; Declaration of Jesse Burns, Dkt. 4; Declaration of Nicholas Weaver, Dkt.

3   5; Declaration of Peter Eckersley, Dkt. 6.)  The Magistrate Judge neither addressed nor decided

4   EFF's claim that the First Amendment requires quashing Paxfire's subpoenas in their entirety.  This

5   was a clear error and contrary to law.

6           The Court has a duty to protect EFF's asserted constitutional rights.  "[W]herever the

7   Federal courts sit, human rights under the Federal Constitution are always a proper subject for

8   adjudication, and [federal courts] have not the right to decline the exercise of that jurisdiction."

9   *Zwickler v. Koota*, 389 U.S. 241 (1967) (holding that federal courts may not abstain from hearing

10  constitutional challenges simply because state courts may have concurrent jurisdiction to hear them).

11  *See also Bartlett v. Bowen*, 816 F.2d 695, 704-7 (D.C. Cir. 1987) (the Constitution provides a due

12  process right to have the scope of constitutional rights determined by an independent judicial body).

13  The Court may not order discovery that is alleged to violate petitioners' Constitutional rights, as the

14  Magistrate Judge has done, without first determining that the discovery would not violate the

15  asserted rights.  Thus, the Court must rule on EFF's Frist Amendment privilege claims.

16          "A party who objects to a discovery request as an infringement of the party's First

17  Amendment rights is in essence asserting a First Amendment privilege."  *Perry v. Schwarzenegger*,

18  591 F.3d 1147, 1160 (9th Cir. 2010) (outlining "two-part framework" for assessing First

19  Amendment privilege claims).  Rule 45 mandates that a Court "***must*** quash or modify a subpoena

20  that… requires disclosure of privileged or other protected matter, if no exception or waiver applies."

21  FRCP 45(c)(3)(A) (emphasis added).  Thus, the Court ***must*** determine whether EFF's asserted First

22  Amendment privilege bars Paxfire's discovery.

23          "[W]hen the subject of a discovery order claims a First Amendment privilege not to disclose

24  certain information, the trial court ***must*** [apply the appropriate] test before ordering disclosure," so

25  the failure to consider the merits of a First Amendment privilege claim is reversible error.

26  *Grandbouche v. Clancy*, 825 F.2d 146, 163 (10th Cir. 1987) (emphasis added).[3]  *See also Perry*, 591

27

28  _____

    [3] A "magistrate's order compelling discovery and the trial court's enforcement of that order provide

-5-

MOTION FOR *DE NOVO* DETERMINATION OF
                                             DISPOSITIVE MATTER REFERRED TO MAGISTRATE

F.3d at 1164 (holding that once the subject makes a prima facie showing of infringement of the First Amendment, the court "must apply the First Amendment's more demanding heightened relevance standard.").  As this Court has held:

> A good-faith interjection of First Amendment privilege to a discovery request []  *mandates* a comprehensive balancing of the [party's] need for the information sought against the [non-party's] constitutional interests in claiming the privilege.  This balancing is of paramount importance, not only in achieving the correct result as between these parties, but also in vindicating the constitutional values which underlie this controversy for all those involved.

*Adolph Coors*, 570 F.Supp. at 205 (emphasis added) (vacating magistrate's order that failed to adequately address the defendant's First Amendment privilege claims).

A court "may overturn any [of the magistrate's] conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes or case precedent." *Adolph Coors*, 570 F.Supp. at 205.  "An order is contrary to law 'when it *fails to apply* or misapplies relevant statutes, case law, or rules of procedure.'" *DeFazio v. Wallis*, 459 F.Supp.2d 159 (E.D.N.Y. 2006) (citation omitted, emphasis added).

Here, the Constitution and the Federal Rules of Civil Procedure mandate that the Court address EFF's assertion of their First Amendment privilege, applying the test articulated in *Perry*. FRCP 45(c)(3)(A); *Perry*, 591 F.3d at 1161-62, 1164.  Instead, the Magistrate Judge disregarded the Constitutional, case and statutory law supporting EFF's protections under the First Amendment. The authority and evidence submitted by EFF amply demonstrates the application of the First Amendment privilege.  The Magistrate Judge's Order is therefore clearly erroneous and contrary to law.

**B.    The Magistrate Judge Failed to Address Whether the California Press Shield Law and First Amendment Protect Documents Ordered Produced**

EFF asserts that the subpoenas violate the California state law and First Amendment protections for confidential sources and unpublished information sought from the press, and must be quashed in substantial part for this reason as well.  (*See* Motion at 15-21; Reply at 4-10.)  The

---

the requisite governmental action that invokes First Amendment scrutiny." *Grandbouche*, 825 F.2d at 163.

-6-

1   Magistrate Judge failed to address these arguments.  Instead, the Magistrate Judge ordered

2   production of documents in Category 4 (and failed to protect documents in Category 7), even though

3   these documents, as well as those in Categories 5 and 6, are protected under California law and the

4   First Amendment.  The Magistrate's Order is thus clearly erroneous and contrary to law.[4]

5   **C.      The Magistrate Judge Failed to Address Whether Protected Documents in Category 7
6           Must Be Produced**

7           In addition to the categories of documents addressed in the Order, the subpoenas to EFF

8   demand a seventh category of documents containing all communications with Google, Microsoft, or

9   Yahoo pertaining to Paxfire.  (Declaration of Tenaya Rodewald, Dkt. No. 7, Ex. A, B.)  These

10  documents are protected by the First Amendment right of association and the California press shield

11  law and First Amendment.  (Motion at 8-21; Reply at 1-10.)  The Magistrate Judge failed to address

12  this category of documents.  It was clear error and contrary to law not to address the asserted

13  privileges and not to hold these documents protected.

14  **D.      The Magistrate Judge Failed to Address Protection of Documents Under Rule
15          26(b)(4)(D), which Precludes Discovery from Non-Retained Experts**

16          There is no dispute that EFF was "informally consulted in preparation for trial, but not

17  retained or specially employed" in connection with the underlying action.  *USM Corp. v. American*

18  *Aerosols, Inc.*, 631 F.2d 420, 425 (6th Cir. 1980); Order at 5 (explaining that EFF "provided advice

19  and informal consulting to [plaintiff] concerning the issues in the [underlying] litigation, but they

20  were not retained as paid consultants.").  As the Magistrate Judge noted, Rule 26(b)(4)(D)

21  "***precludes discovery*** against experts who were informally consulted in preparation for trial, but not

22  retained or specially employed."  (Order at 11 (quoting Fed.R.Civ.P. 26 Committee Note to 1970

23  Amendment, subsection (b)(4)(B)[5]) (emphasis added)).  The Magistrate Judge correctly held that

24  this Rule bars deposition discovery from EFF.  (Order at 11.)  *See also USM Corp.*, 631 F.2d at 425

25  _____
    [4]  The Magistrate Judge did not address EFF's press shield arguments and thus did not rule on what
26  law would apply to EFF.  As EFF demonstrates, California law and the First Amendment supply the
    applicable privileges.  Motion at 15-17; Reply at 9-10.  EFF therefore objects to the Magistrate
27  Judge's holding to the extent it might be read as applying New York state law to EFF.
    [5]  Rule 26(b)(4)(B) was renumbered as Rule 26(b)(4)(D).  *Id.*, Advisory Committee Note to 2010
28  Revisions.

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

1  (Federal Rule of Civil Procedure 26(b)(4)(D) "precludes discovery" against such experts); *Ager v.*

2  *Jane C. Stormont Hospital and Training School for Nurses*, 622 F.2d 496, 502 (10th Cir. 1980);

3  Motion at 21-22; Reply at 10-11.[6]  However, the Magistrate Judge inexplicably failed to apply the

4  rule to **documents** sought by Paxfire.  "Rule 26(b)(4)([D]) applies with equal force to protect

5  documents sought from non-testifying experts."  *U.S. Inspection Services, Inc. v. NL Engineered*

6  *Solutions, LLC*, 268 F.R.D. 614, 617 n. 3 (N.D. Cal. 2010) (citing cases); Notice of Motion and

7  Motion of Betsy Feist to Quash Subpoenas to Consultants and Request for Protective Order, No. 12-

8  mc-80121, Dkt. 1 (N.D. Cal.), at 5, n. 3.  The Magistrate Judge's failure to apply Rule 26(b)(4)(D)

9  to documents sought by Paxfire is clearly erroneous and contrary to law.  The Court should hold that

10  Rule 26(b)(4)(D) protects from discovery those documents described in EFF's papers (and noted in

11  EFF's privilege log) as protected.

12  **E.      The Magistrate Judge Erred in Holding that Work Product Protection Only Applies
          After a Client Formally Retains Counsel**

13
14              **1.      The Decision Is Not Supported by the Language of the Federal Rules, Nor Is It
                      Compelled by Any Controlling Authority.**

15          The Magistrate Judge improperly ordered documents in Categories 1-4 produced on the basis

16  that that the work product protection only applies after July 24, 2011, when Plaintiff Feist first

17  consulted with her counsel.  (Order at 7.)  The Magistrate Judge's decision is based entirely on his

18  holding that use of the terms "party or its representative" in Rule 26(b)(3) "suggests that the work-

19  product doctrine applies only after a party has become involved in a matter."  (Order at 7.)  The

20  Magistrate cites no authority to support this interpretation, and it is contrary to the authority cited by

21  EFF and Plaintiff's counsel.  (Reply at 10-11; Reply Memorandum in Further Support of Betsy

22

23

---

24  [6]  The protections afforded by Rule 26(b)(4)(D) **are not the same** as those provided by the work
     product doctrine.  *U.S. Inspection Services,* 268 F.R.D. at 625 n. 18 (collecting cases and explaining

25  that "the drafters of the Rule 'reject[ed] as ill-considered [court] decisions which have sought to
     bring expert information within the work-product doctrine.'" (citing Fed.R.Civ.P. 26 Advisory

26  Committee's Note to Subdivision (b)(4), 1970 Amendments).  Thus in addressing the work product
     doctrine, the Magistrate Judge did **not** discharge his obligation to address the protection afforded by

27  Rule 26(b)(4)(D).  Moreover, "[c]ourts do not require that a lawsuit has actually been filed at the
     time the expert was retained."  *Ludwig v. Pilkington North America, Inc.*, No. 03 C 1086, 2003 WL

28  22242224, *3 (N.D. Ill. Sept. 29 2003).

-8-

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

1   Feist's Motion to Quash Subpoenas to Consultants and Request for Protective Order, No. 12-mc-

2   80121-SI, Dkt. 20, at 4-6.)

3         Moreover, the Magistrate Judge's Order appends to Rule 26 an added restriction found

4   nowhere in the Rule's language.  The Magistrate Judge requires that to be protected a document

5   must be both "prepared in anticipation of litigation or for trial" and ***also*** have been created after

6   there was a "party… involved in a matter."  (Order at 7.)  There is no justification for imposing this

7   added requirement.  First, the Rule clearly states that protected documents include those prepared

8   "by or for another party ***or its representative.***"  FRCP 26(b)(3)(A).  Documents prepared in

9   anticipation of litigation by a person who becomes a representative clearly fall within the plain

10  language of the Rule even if they were prepared before a client formally engaged counsel.[7]

11        Second, the Magistrate's interpretation appears to contradict the Rule's use of the words "in

12  anticipation of litigation," which are clearly meant to describe a period ***before*** litigation has

13  commenced, when—by definition—there are no "parties."  *See e.g., Mattenson v. Baxter Healthcare*

14  *Corp.*, 438 F.3d 763, 768 (7th Cir. 2006) ("provided the prospect of litigation was not remote (and it

15  was not), the fact that the case hadn't begun and might never be brought did not disqualify [an

16  attorney's] jottings from the shelter of the work-product doctrine"); 8 Wright & Miller, Federal

17  Practice and Procedure § 2024 (3d ed.) ("Prudent parties anticipate litigation, and begin preparation

18  prior to the time suit is formally commenced" and thus the proper test is whether "in light of the

19  nature of the document[s] and the factual situation in the particular case, the document[s] can fairly

20  be said to have been prepared or obtained because of the prospect of litigation.")  Indeed, the

21  Magistrate's holding makes the distinction between documents prepared "in anticipation of

22  litigation" and those prepared "for trial" almost meaningless.  Had the drafters intended the

23  Magistrate's interpretation, they could have easily required that protected documents be prepared

24  after the attorney-client relationship commences, but they did not do so.

25

26

27  [7]  *See, e.g.*, 8 Wright & Miller, Federal Practice and Procedure § 2024 (3d ed.) ("[I]t is clear that all
    documents and tangible things prepared by or for the attorney of the party from whom discovery is
28  sought are within the qualified immunity given to work product.")

-9-

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

Third, the work product doctrine is based in large part on the rationale that to be effective, an attorney must be "free from unnecessary intrusion by opposing parties and their counsel" so that he or she may "assemble information, sift what he [or she] considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1974). This rationale applies equally to all documents prepared in anticipation of litigation whether or not a specific client has yet been identified.

The Magistrate Judge's holding imposes an additional requirement for the application of work product protection now supported by the language or policy of Rule 26(b)(3). It is therefore clearly erroneous and contrary to law.

### 2. The Order Is Contrary to Public Policy and Would Unconstitutionally Hamper Civil Rights, Consumer, Environmental and Other Advocacy Organizations

The Magistrate Judge's decision undermines public policy, because it will discourage attorneys from investigating the basis for potential claims and lawsuits before filing them, for fear sensitive work product would be subject to discovery during litigation. *See* 8 Wright & Miller, Federal Practice and Procedure § 2024 (3d ed.) ("Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced"); Reply Memorandum in Further Support of Betsy Feist's Motion to Quash Subpoenas to Consultants, No. 12-mc-80121, Dkt. 20 (N.D. Cal.), at 4. The Magistrate Judge identifies no compensating advantages to justify his interpretation.

In addition, the Order disregards the realities of consumer protection, environmental protection, privacy protection and other advocacy litigation. In such cases, the work needed to uncover problems or prepare the groundwork for litigation typically predates the identification of specific victims. In the instance of toxic tort and other environmental litigation, for instance, the scientific and legal work to discover a potential legal problem may long predate the identification of those injured. The same is true of privacy and other technology litigation where the investigation into the causes and details of a data intrusion or leak, for instance, may necessarily have to come before anyone can even identify the possible plaintiffs.

"Test case" impact litigation often has similar needs. As one scholar explains, "[t]he key to

-10-

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

1   the NAACP's litigation success was its use of 'test cases,' the strategy by which an organization

2   seeks to find or, if necessary, to create, a legal controversy to establish a point of law as precedent in

3   future cases."  *Race, Class, and Legal Ethics in the Early NAACP (1910-1920)*, Susan D. Carle, 20

4   Law & Hist. Rev. 97, 100-01 (2002).  The Supreme Court held that the First Amendment protects

5   precisely these types of litigation strategies.  "In the context of NAACP objectives, litigation is not a

6   technique of resolving private differences; it is a means for achieving the lawful objectives of

7   equality of treatment by all."  *NAACP v. Button*, 371 U.S. 415, 429 (1963).  "It is thus a form of

8   political expression."  *Id.*; *id.* at 436 (holding unconstitutional a ban on legal solicitation because it

9   "broadly curtail[ed] group activity leading to litigation").

10       The Magistrate Judge's decision would impair the ability of advocacy groups like EFF to

11   engage in the use of "test cases" and other impact litigation strategies, as well as litigation over data

12   disclosure and other technical problems where investigation necessarily pre-dates identification of

13   the victims, by exposing all of their pre-filing communications to discovery by opponents or other

14   litigants.  EFF and other advocacy groups often have to investigate potential claims before they are

15   able to determine whether they will bring claims in their own name, act as attorneys for third parties,

16   serve as amicus or refer claims to outside counsel.  (Motion at 2-5, 13; Declaration of Cindy Cohn,

17   Dkt. 3, ¶¶ 2, 3, 6, 8, 13-19.)  They also do factual investigation that involves discussions with others

18   who may be doing similar research or have necessary expertise, which would not occur absent

19   protection.  (Motion at 11-13; Declaration of Arvind Narayanan, Dkt. 2; Declaration of Jesse Burns,

20   Dkt. 4.)  It would make much of the work of EFF and other advocacy organizations—indeed, any

21   attorneys doing litigation in which the factual and legal investigation predates identification of

22   victims—difficult or impossible if they could not conduct such investigations without making them

23   subject to disclosure to adversaries.  The knowledge that the results of these efforts would have to be

24   disclosed to anyone who asserted that they were relevant to the defense of a claim would

25   unquestionably compromise or deter all together such efforts.

26       In sum, the Magistrate Judge's holding that work product protection only applies after a

27   client formally retains counsel contravenes the language of Rule 26(b)(3) and the caselaw construing

28   it.  In addition, it is constitutionally dubious because it would impair the ability of many different

-11-

1   advocacy organizations to associate for and engage in strategic litigation—activities that are

2   protected by the First Amendment.  It also unnecessarily exposes the ordinary and necessary

3   investigation that attorneys do (and should do) in a wide array of cases.  The holding is clearly

4   erroneous and contrary to law.  The Court should hold that all documents in Categories 1-4 prepared

5   in anticipation of litigation or for trial are protected under Rule 26(b)(3).

6   **F.      The Magistrate Judge Erred by Failing to Extend Confidential Research Protection to**
7   **           Category 4 and 7 Documents**

8           The Magistrate Judge correctly held that documents in Categories (5) and (6), namely

9   articles and drafts of articles authored by the subpoenaed nonparties, as well as all research results

10  obtained by the subpoenaed nonparties, are protected confidential research under Rule 45(c)(3)(B).

11  As discussed above, these documents are also protected under the California and First Amendment

12  protections for the press.  In addition, however, there are numerous communications in Categories 4

13  and 7 that constitute the nonparties' confidential research data and information from sources, and

14  that contain confidential discussions of the Category 5 and 6 articles, drafts of articles and research

15  results.  The Magistrate Judge clearly erred in not extending protection to these Category 4 and 7

16  documents.

17  **G.      The Magistrate Judge Erred by Failing to Sufficiently Address the Consequences of the**
18  **           Dismissal of Paxfire's Counterclaims**

19          Although Paxfire apparently disputes it, it is apparent that most of the documents and

20  information sought from EFF and the other nonparties are relevant (if at all) only to Paxfire's

21  counterclaims.  The Order appears to hold that some documents otherwise subject to disclosure will

22  not have to be produced if Paxfire's counterclaims are dismissed, because they are relevant only to

23  those counterclaims.  Order at 9-10 ("some of the documents are relevant to Paxfire's counterclaims

24  only").  The same holding suggests that some other documents are relevant to more than just the

25  counterclaims and therefore must be produced no matter what the outcome of the motion to dismiss.

26  However, the Order provides no guidance with respect to which documents are relevant only to the

27  counterclaims and hence would not be subject to disclosure if those counterclaims are dismissed.

28

-12-

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

1    If Paxfire's counterclaims are dismissed (and if the subpoenas are not quashed entirely), the

2    Court should find that, to the extent not exempt from discovery on other grounds, the following

3    categories of documents need not be produced:  (a) documents in Categories 1-4 relating any prior

4    litigation; (b) documents in Categories 1-4 not directly relating to the underlying facts alleged in the

5    complaint; (c) to the extent not exempted from discovery by the Magistrate Judge's Order or a

6    decision by this Court, documents in Categories 5 and 6 not directly relating to the underlying facts

7    alleged in the complaint; and (d) documents in Category 7, since the only alleged relevance for these

8    documents is to support Paxfire's alleged counterclaim (or other potential litigation against Google,

9    Inc.).  *See* Declaration of Tenaya Rodewald, Dkt. 7, ¶ 5.

10   **H.    If Permitted to Stand, the Magistrate Judge's Order Would Have a Profound Negative**

11   **Impact on EFF and Many Other Advocacy Organizations**

12   By ignoring EFF's First Amendment rights of association and speech, the Magistrate Judge's

13   Order makes EFF and a wide variety of advocacy organizations targets in almost any litigation in

14   which one of the parties is unhappy with an organization's position or wishes to silence the

15   organization.  Here EFF is a non-party, and yet Paxfire is using invasive discovery to retaliate

16   against EFF for uncovering and publicizing Paxfire's conduct.  As an advocacy organization, EFF

17   takes positions and participates in a wide variety of political, legislative and legal activities—as do

18   the NAACP, the ACLU, the Sierra Club, and others.  It would severely hamper the work of EFF,

19   and all similar groups and organizations, if they were subject to intrusive discovery in any litigation

20   in which one of the parties might gain an advantage by silencing or discrediting the group or its

21   work.  *See, e.g.*, Amicus Letter of ACLU, *Perry v. Schwarzenegger*, No. 09-17241, Dkt. 24 (9th Cir.

22   Nov. 27, 2009), at 4 (explaining that applying First Amendment protections in the discovery context

23   is necessary to "ensure[] that people are able to come together for a common political purpose

24   without fear that their internal discussions will become public at the drop of a lawsuit.").  The

25   Magistrate's Order should be overturned.

26

27

28

SMRH:406618193.3

**I.      The Magistrate Judge Erred in Apparently Concluding that Paxfire Demonstrated the Relevance of Its Requests and Not Addressing the Undue Burden They Impose on EFF**

Paxfire failed to explain how the vast majority of the information it seeks is relevant to or necessary for the underlying lawsuit. (Motion at 21, 23-25; Reply at 11-13.)  Paxfire makes vague claims, but fails to explain specifically how they are relevant or why EFF might be expected to have any information not readily available from other sources. *Id.*  Furthermore, the burden of Paxfire's requests clearly outweighs any possible benefit. (Motion at 23-25.)  In particular, it bears emphasis that Paxfire is seeking information from non-parties about its *own* technology and conduct, matters regarding which it obviously has greater knowledge than EFF and the other non-parties. (Reply at 12-13; Reply Memorandum in Further Support of Betsy Feist's Motion to Quash Subpoenas to Consultants, No. 12-mc-80121, Dkt. 20 (N.D. Cal.), at 9-10.)  Yet, without discussion, the Magistrate Judge apparently concluded that Paxfire had adequately explained the relevance of *all* of its requests and had justified the burden of its requests under Rule 45(c)(1) and (c)(3)(A)(IV).  This holding is clearly erroneous and contrary to law.  Paxfire's subpoenas should be quashed because they seek irrelevant information that can or should be obtained from Plaintiff, the other defendants, or from Paxfire itself, and that impose an unreasonable burden on EFF.

**III.      RESOLUTION OF THE MOTION TO QUASH SHOULD BE STAYED**

Paxfire's subpoenas purport to investigate its counterclaims, which allege that it was an actionable wrong and a "conspiracy" for EFF to "[i]nduce a third party individual to bring a class action lawsuit against Paxfire." (Request for Judicial Notice, No. 12-mc-80135, Dkt. 8 ("RFJN"); Ex. B (Paxfire Counterclaims, ¶ 41(d)).)  Paxfire already revised these counterclaims to avoid one motion to dismiss and motion for sanctions, and they are now the subject of another, pending motion to dismiss. (Reply Memorandum in Further Support of Betsy Feist's Motion to Quash Subpoenas to Consultants, No. 12-mc-80121, Dkt. 20 at 1 n.1.; RFJN, Ex. D.)  That motion to dismiss is fully briefed and is apparently set for hearing on September 18, 2012. (*See* Notice of Oral Argument, *Feist v. RCN Corporation and Paxfire, Inc.*, No. 11-cv-5436, Dkt. 69 (S.D.N.Y. Aug. 8, 2012); Adjornment of Hearing to September 18, 2012, *Feist v. RCN Corporation and Paxfire, Inc.*, No. 11-cv-5436, Dkt. 70 (S.D.N.Y. Aug. 16, 2012).)  If the motion is granted, it will eliminate or greatly

-14-

MOTION FOR *DE NOVO* DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE

1   narrow any alleged basis for discovery from EFF, and hence reduce the issues before this Court.

2   Therefore, EFF requests the Court stay the determination of this Motion pending a decision by the

3   Southern District of New York on Plaintiff's motion to dismiss Paxfire's counterclaims.

4   **IV.      CONCLUSION.**

5          For the reasons stated above and in EFF's Motion, EFF respectfully requests that, after a

6   hearing, the Court make a *de novo* determination of EFF's Motion to Quash Subpoenas Issued by

7   Defendant Paxfire, Inc. and Request for Protective Order.  (Motion, No. 12-mc-80135, Dkt. 1.)

8   Further, EFF respectfully requests the Court quash Paxfire's subpoenas in their entirety or issue a

9   protective order prohibiting discovery of any privileged or protected information described in EFF's

10  Motion to Quash and Reply.  Alternatively, EFF respectfully requests the Court stay enforcement of

11  the subpoenas and stay a determination of this Motion and its Motion to Quash pending a ruling on

12  Plaintiff's motion to dismiss Paxfire's counterclaims.

13

14  Dated:  Aug. 27, 2012                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                             By     */s/  Tenaya Rodewald*
15                                                  TENAYA M. RODEWALD
                                                    Attorneys for Non-parties
16                                           ELECTRONIC FRONTIER FOUNDATION and
                                                    PETER ECKERSLEY
17

18

19

20

21

22

23

24

25

26

27

28

                                             -15-